**In re Floyd W. BRIDGEWATER, Debtor.**

**REPUBLICBANK SPRING BRANCH, Plaintiff,**

**v.**

**Floyd W. BRIDGEWATER, Defendant.**

**Bankruptcy No. 84-04704-H1-4.**
**Adv. No. 85-0108-H2.**

United States Bankruptcy Court, S.D. Texas, Houston Division.

Feb. 25, 1986.

Kaaran E. Thomas, Vinson & Elkins, Houston, Tex., for plaintiff.

Roy Hungerford, White & Hungerford, Houston, Tex., for defendant.

## DECISION OF OBJECTIONS TO DISCHARGE OF DEBTOR

EDWARD J. RYAN, Bankruptcy Judge.

### I

### FINDINGS OF FACT[1]

1. Grizzly Plumbing & Heating, Inc. is a debtor in a Chapter 7 case no. 84–04703–H1–4 currently pending in the United States Bankruptcy Court, Southern District of Texas, Houston Division.

2. From March 20, 1984 to September 12, 1984, Floyd Bridgewater ("Debtor") owned more than twenty percent (20%) of the issued and outstanding stock of Grizzly Plumbing & Heating, Inc. and was president of Grizzly Plumbing & Heating, Inc.

3. Between March 20, 1984 and September 12, 1984, Debtor transferred a 1980 Chevy ¾ ton Van and a 1981 Ford ½ ton Van to Karen E.P. Dunn, who subsequently became Debtor's spouse.

4. These transfers were listed of public record as "gifts" as evidenced by Plaintiff's Exhibit No. 5. The fair market value of the vans on the date of transfer was no less than $8,775.

5. Between March 20, 1984 and September 12, 1984, Grizzly Plumbing & Heating ("Grizzly") transferred a Chevrolet Van to Mr. Miles Cluck, Debtor's cousin, who was residing in Debtor's home at the time. The alleged consideration for the transfer, if any, was no more than $2,000. The fair market value of the van at the time of transfer was no less than $4,925.

6. During the three months prior to commencement of the Grizzly Plumbing & Heating bankruptcy, Grizzly transferred in excess of $25,000 to Debtor and Debtor's friends and relatives on checks signed by Debtor. These transfers were as follows: check no. 5560 for $2,684 to Miles Cluck;

---

1. The Court is fully aware that the trial court may not blindly accept the proposed findings of fact and conclusions of law of the prevailing party. *United States v. El Paso National Gas,* 376 U.S. 651, 84 S.Ct. 1044, 12 L.Ed.2d 12 (1964).

However, when the proposed findings of the prevailing party are substantially consistent with the evidence and the conclusions are agreeable to the state of the law, no useful purpose would be served by recasting the same in the language of the Court.

check no. 5585 for $1,000 to Floyd Bridgewater; check no. 5573 for $1,738 to Floyd Bridgewater; check no. 5479 for $753.49 to Floyd Bridgewater; check no. 5531 for $336.58 to Food City; check no. 5519 to American Express Company for $980.72 (Debtor has an American Express card, Grizzly did not); check no. 5573 for $1,738 to Floyd Bridgewater; check no. 5423 in the amount of $1,428.01 payable to "cash" (which Floyd Bridgewater testified he obtained); check no. 5436 for $1,000 to Karen Bridgewater (for "vacation pay"); check no. 5584 to Judy Bridgewater (Debtor's sister-in-law) for $2,000; check no. 5467 to Rayford Yarberry (Debtor's step-father) for $300; check no. 5504 to Doris Robb (Debtor's aunt) for $500.

Debtor has failed to explain, to the satisfaction of the Court, the utilization of Debtor's funds, within the two month period prior to bankruptcy, represented by these transfers. These transfers were for less than fair consideration and were made with intent to hinder, delay and defraud creditors.

7. Grizzly was insolvent at the time each of the transfers of vans and funds were made.

8. In determining that these transfers were made with intent to hinder, delay and defraud creditors, the Court finds the following facts which demonstrates actual intent to hinder, delay and defraud creditors:

A. None of the transfers of vans to Mrs. Bridgewater and Miles Cluck were disclosed on the Schedules of Grizzly Plumbing & Heating, signed by Debtor as President.

B. There is no payroll record indicating that Miles Cluck was entitled to $2,000 for work performed for Grizzly.

C. There are no books or records supporting the payments to American Express, Food City, or $1,000.00 to Floyd Bridgewater.

D. Mrs. Bridgewater took approximately two weeks of vacation for the year 1984 and that she worked at most, part-time during the years 1982 and 1983. Mrs. Bridgewater testified that Mr. Craig Econopouly, former president of Grizzly at the time when the vacation pay in question would have been earned, stated that he would not authorize Grizzly to pay her any salary.

E. Debtor served as the "manager/operator" of Grizzly Bear Heating & Plumbing, a company set up by his wife in July, 1984 which took over a substantial portion of the business of Grizzly Plumbing & Heating at the same time that Debtor was the president and shareholder of Grizzly Plumbing & Heating.

F. Debtor "paid" his wife a full salary for serving as "bookkeeper" for Grizzly Plumbing & Heating at the same time that she was setting up and operating the Grizzly Bear Plumbing & Heating with the vans she had received from Grizzly Plumbing & Heating. During the final two months of her employment as the Grizzly bookkeeper, Mrs. Bridgewater failed to keep the general ledger, failed to record transfers of cash to Miles Cluck and failed to keep any records supporting or evidencing many of the other transfers.

9. Mr. Lowell Cage, duly appointed and acting trustee of the estate of Grizzly Plumbing & Heating proves that unsecured creditors of the estate of Grizzly Plumbing & Heating will receive no dividend.

10. Both Grizzly Plumbing & Heating and Debtor have failed to keep or preserve books, documents, records or papers from which the business transactions of Grizzly with respect to transfers of Grizzly assets and customers to Debtor's wife, Mrs. Karen Bridgewater, can be ascertained. Debtor has failed to keep these records both as the president of Grizzly Plumbing & Heating and as a manager/operator of Grizzly Bear Plumbing & Heating, a company allegedly belonging to Debtor's wife.

11. These failures to keep books and records are not justified under all of the circumstances of this case.

12. Floyd Bridgewater has failed to explain to the satisfaction of this Court the loss of assets or deficiency of assets of Grizzly to meet Grizzly Plumbing & Heating's liabilities.

13. The diminution of assets of Grizzly resulting from Debtor's action above described has reduced the value of the Grizzly stock, one of the assets of Debtor's personal bankruptcy estate to zero. This value is shown on Debtor's personal bankruptcy Schedules (Plaintiff's Exhibit # 1), where Debtor lists the value of his interest in corporations and unincorporated companies as zero.

14. Debtor has concealed, or failed to keep or preserve, recorded information from which the transfers of accounts receivable, employees, customers, vehicles and cash from Grizzly Plumbing & Heating to Debtor's wife, friends and related entities can be ascertained. Under the circumstances of this case, such failure is not justified.

15. Republicbank Spring Branch is a creditor and a party-in-interest in the Estates of Floyd Bridgewater and Grizzly Plumbing & Heating.

## II

### CONCLUSIONS OF LAW

1. The burden of proof with respect to the issues of whether the transfers of property described in the findings of fact above were accomplished with the actual intent to hinder, delay or defraud creditors has been shifted to Debtor, Floyd Bridgewater.

2. Grizzly Plumbing & Heating is an insider of Floyd W. Bridgewater as that term is defined in § 101(28)(A) and (E) and § 727(a)(7) of the Bankruptcy Code.

3. Republicbank Spring Branch as a creditor of Floyd W. Bridgewater and Grizzly Plumbing & Heating has a standing to object to the granting of Debtor's discharge under § 727(c)(1) of the Bankruptcy Code.

4. The transfers of Grizzly assets were accomplished with intent to hinder, delay or defraud creditors.

5. The concealment or failure to keep or preserve records from which the said transfers can be ascertained was not justified under all the circumstances of this case.

6. Debtor has failed to explain to the satisfaction of this Court before determination of denial of his discharge the loss or the deficiency of assets to meet the liabilities of Floyd W. Bridgewater and Grizzly Plumbing & Heating.

7. The conduct of Floyd Bridgewater falls within the purview of § 727(a)(2), (3), (5) and (7) of the Bankruptcy Code. Therefore, he is denied a discharge.